STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| Harvey & Symmes Final Plat Application | } | Docket No. 96-5-05 Vtec |
| (Appeal of Bevan) | } |  |
|  | } |  |

## Decision on Pending Motions

This matter concerns appeals of a two lot subdivision approval issued by the Charlotte Planning Commission as of May 5, 2005. The initial appeal was filed by John and Rosemary Bevan, who are represented in this proceeding by Mark G. Hall, Esq. The Bevans own an undeveloped parcel across a private road—White Birch Lane—from the proposed development. A cross-appeal was filed by the Applicants, Jason and Andrea Harvey and William and Caroline Symmes, who are represented by Michael B. Clapp, Esq. The Town of Charlotte (Town) has entered its appearance through Will S. Baker, Esq.

There are six motions or cross-motions now pending before the Court. The Town made three filings: a Motion for Partial Dismissal, a Motion for a More Definitive Statement and a Motion for Partial Summary Judgment. The Bevans have filed a Motion for Partial Summary Judgment of their own. Cross-Appellants-Applicants (Harvey and Symmes) have also filed two Cross-Motions for Partial Summary Judgment that also serve as opposition to the Town's and Bevans' summary judgment requests.

All pending motions seek this Court's guidance on one or more of the following four issues:

1. May this Court, acting with the same authority as the Town Planning Commission, impose conditions similar to those imposed by the Planning Commission in its approval dated May 5, 2005?

2. Do the Charlotte Subdivision Bylaws (Bylaws) require that the purported easement benefiting Appellants' property be shown on the preliminary and final subdivision plats?

3. May this Court determine the respective rights and responsibilities that arise from Appellants' purported easement?

4.  Is Harvey and Symmes' Question 2 so vague as to require that it be restated more definitively?

We address all the pending motions by answering these questions in the order they are posed above.

## I.    Authority to Impose Conditions in Subdivision Approval.

It is first important to note that it is premature for the Court to determine what conditions, if any, should be attached to the possible approval of the subdivision application.[1][*]  Rather, Harvey and Symmes assert in their Motion for Partial Summary Judgment that the Town Planning Commission exceeded its powers, and caution that the Court should not impose the same or similar conditions in this appeal.  The Town asserts in its Motion for Partial Summary Judgment that the Planning Commission in the first instance, and this Court in the second instance, is authorized by the applicable statutes, the Town Ordinance provisions and the Town Plan, to impose such conditions.  On this issue, we agree with the Town.

Municipal authority to impose conditions on land use approval derives from the general enabling provisions contained in 24 V.S.A., Chapter 117 (2004).  Specifically, a Vermont municipality is authorized, when "rendering a decision in favor of the applicant, . . . [to] attach additional reasonable conditions and safeguards as it deems necessary to implement the purposes of this chapter and the pertinent bylaws and the municipal plan then in effect."  24 V.S.A. § 4463(b)(2) (2004).

The Applicants here do not directly challenge the Town's authority derived from Chapter 117.  Rather, Harvey and Symmes assert that the Town carries the burden to establish the propriety of the conditions imposed on any permit approval.  However, Harvey and Symmes do not provide this Court with a legal foundation for their assertion that a municipality carries this burden.  We cannot adopt their assertion.

Section 4463(b)(2) clearly authorizes a municipality to impose conditions on its approval of a subdivision application, so long as the municipal panel "deems" the conditions imposed "necessary to implement the purposes" of the statute, the town plan and subdivision regulations.

---

[1][*]  It is also important to note that no party to this proceeding is advocating for denial of the Harvey and Symmes' subdivision application.  The Appellants only criticize the Town approval for its failure to require a reference to their purported septic easement.  Cross-Appellants surely want approval of their own subdivision application, just not with the conditions imposed by the Charlotte Planning Commission.

Thus, if an appropriate municipal panel (or this Court on appeal) determines that a permit should be granted, it may do so on conditions that it deems appropriate under the applicable statutory and municipal guidelines.

The parties have all cited the essential guidelines for a court's review of summary judgment requests: only in instances where there are no facts in dispute that are material to the applicable question of law may summary judgment be granted. See Herald Ass'n v. Dean, 174 Vt. 350, 352 (2002). The parties here have each submitted their own recitation of material facts in a timely manner, as precedent directs. See Popalski v. Lamphere, 152 Vt. 251, 254-255 (1989). No party here has failed to make some factual showing on this issue; that was the error committed by plaintiffs in the Popalski case. Thus, each party here is entitled to the benefit of material facts being viewed in a light most favorable to them, when we are considering the opposing party's motion for summary judgment. See Bixler v. Bullard, 172 Vt. 53, 57 (2001) (citing Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990)).

It this procedural light, it is premature for this Court to determine what specific conditions, if any, should be attached to any approval of the Harvey and Symmes subdivision application. A merits hearing is necessary to determine if the material facts support approval of the pending subdivision application and, if so, what conditions are appropriate to attach. But on the question of whether the Planning Commission below, or this Court on appeal, has the authority to impose conditions on a subdivision approval, the state enabling statute clearly allows this Court to impose conditions if they are necessarily connected to the lawful purposes contained in the Town Plan and Bylaws.

It is uncontested in this appeal that the property proposed to be subdivided is located adjacent to Mt. Philo State Park, on a private road that may be challenging for emergency response vehicles to navigate. When viewed in a light most favorable to the Town, conditions that restrict the building envelope, screening, and facilities for access to water by fire responders (such as dry hydrants) could certainly be deemed reasonably related to the statutory purposes for permit conditions. For these reasons, Harvey and Symmes' Motion must be denied.

The Town's Motion for Partial Summary Judgment raises a related issue: is it appropriate for this Court to rule on whether the Planning Commission "exceeded its authority" in imposing conditions to its approval of this subdivision application. See Cross-Appellants' Statement of

Questions 5–14. Our jurisdictional responsibility in *de novo* proceedings is not to judge the actions of the appropriate municipal panel below, but rather to stand in its place and render a decision, based upon the admissible facts presented in support of and in opposition to an application. For this reason, we must strike Harvey and Symmes' Questions 5–14. In their place remains the general question of what conditions should be imposed on any approval of the pending subdivision application. That question will be answered, based upon the admissible evidence presented at the merits hearing.

## II. Does the Ordinance require easements to be depicted on preliminary and final subdivision plats?

Appellants' Motion for Summary Judgment addresses the sole question they assert in this appeal: do the Bylaws require reference to easements on the preliminary and final plats that are approved for a subdivision? This issue is separate from the Harvey and Symmes' Question 4, which asks this Court to determine if the easement asserted by the Bevans is valid. The latter Question is discussed in more detail below.

Bylaws §§ 10 and 11 specifically require that preliminary and final subdivision plats show "existing easements." Bylaws §§ 10(A)(3), 11(A)(2). In response to the Bevans' claims, Harvey and Symmes appear to dispute the specific boundary lines of the Bevans' easement, but do not appear to dispute the general existence of the easement. Harvey and Symmes' challenge to the specific location of the easement appears to rest upon what the Bevans characterize as a scrivener's error or omission now memorialized in the Charlotte Land Records.

As discussed in more detail below, it is not within this Court's jurisdiction to define the parameters of the Bevans' easement. However, the issue within our jurisdiction—whether the applicable subdivision regulations require that an easement must be shown on subdivision plats—does not appear to be disputed by Harvey and Symmes or the other parties to this proceeding. Summary judgment is therefore appropriate on this question, relating to the Ordinance requirements, since the facts material to this legal issue are not dispute. See Herald Ass'n, 174 Vt. at 352.

### III.    Validity of the Bevans' Septic Easement.

We now turn to the follow-up question of whether this Court has the jurisdictional authority to determine the validity of the Bevans' purported easement.

The Town's Motion for Dismissal of Cross-Appellants' Question 4 asks this Court to affirm that it is not a court of general jurisdiction and that its jurisdiction is limited to matters enumerated in 10 V.S.A. § 8504 (2005), governing appeals to the Environmental Court.  Harvey and Symmes ask in their Question 4 "[w]hether the deed recorded in Volume 57, Page 122 of the Charlotte Land Records creates a valid easement."

Issues relating to the validity of easements are not properly before this Court, as we do not have jurisdiction over matters involving private property rights, such as the construction and validity of easements, deeds, and property boundaries.  This question might properly be presented to the Superior Court.  However, the Environmental Court does not have jurisdiction to consider the validity of easements.  Thus, while we have determined that the Bylaws lawfully require an applicant to show easements on their proposed subdivision plats, we leave it to the parties here to challenge the validity of the purported easement in Superior Court.  We decline to address the issue raised in Harvey and Symmes' Question 4.  Therefore, that Question is also stricken from consideration in this appeal.

### IV.  Request for More Definitive Statement of Cross-Appellants' Question 2.

The Town's Motion for a More Definitive Statement asks that the Court direct Harvey and Symmes to rephrase Question 2, which asks "[w]hether the woods on the northern building lot are helpful in blending the proposed dwelling on that lot into the landscape from Mt. Philo park summit."

While the Court can determine that this Question in some manner addresses the blending, screening, or shielding of a building lot as viewed from Mt. Philo State Park, Harvey and Symmes' specific request in Question 2 is unclear.  For example, possible interpretations of that Question include, but are not limited to, whether the screening is adequate to hide the northerly building lot from view; whether we should require the lot to be hidden, as viewed from the top of Mt. Philo; or whether the proposed screening of the building is adequate in light of the directives from the applicable municipal ordinance.  We assume that it is posed to suggest that further

screening conditions are unnecessary, but we are uncertain of the Question's purpose, due to its vagueness. Because of the uncertainty that this Question creates, Harvey and Symmes should consider the more general issues that the Question raises when the parties address the issue of what conditions are appropriate to attach, in the event this Court determines that the Harvey and Symmes' subdivision application should be granted.

Accordingly, based on the foregoing, Cross-Appellants Harvey and Symmes' Questions 2 and 4–14, inclusive, are hereby STRICKEN. In their place, the parties are directed to prepare to present all relevant evidence at the merits hearing on the general issues of what conditions the Court should consider attaching to any approval of the Harvey and Symmes' subdivision application.

Appellants' motion for summary judgment is hereby GRANTED. Harvey and Symmes are directed to submit plats at the merits hearing that conform to Bylaws §§ 10 and 11, including reference to the Bevans' easement, unless the existence of such easement is successfully challenged in a separate Superior Court proceeding.

This matter shall be set for a pre-trial conference and merits hearing by a separate Notice from the Court Manager.

Done at Berlin, Vermont, this 29th day of September, 2005.

_____
Thomas S. Durkin, Environmental Judge